IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT LEE BATES, §<br>#22003805, §<br>  Plaintiff, §<br> §<br>v. § No. 3:22-cv-02006-K (BT)<br> §<br>NFN WELLMAN, et al., §<br>  Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Robert Lee Bates, a Texas prisoner proceeding *in forma pauperis* and *pro se*, brings claims under 42 U.S.C. § 1983 against the Dallas Police Department (DPD) and several DPD officers related to a vehicle stop and his subsequent arrest. For the following reasons, the Court should dismiss Bates's claims under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

**Background**

Bates alleges that DPD Officers Wellman and Upchurch unlawfully stopped his truck "for stopping at a stop sign for a few seconds" and then arrested him. ECF No. 3 at 4; ECF No. 7 at 4.[1] He provides no other details about the stop or arrest. ECF No. 3; ECF No. 7. He complains that Officers Wellman and Upchurch, as well as an unidentified officer, failed to tow or impound his truck, give him a chance to

---

[1] Bates filed an original and amended complaint. ECF No. 3; ECF No. 7. The Court has considered both for screening purposes.

retrieve it, or call someone to pick it up following his arrest. ECF No. 3 at 4; ECF No. 7 at 4. Bates implies that his truck was lost or stolen because of the officers' failure to secure it. ECF No. 3 at 4; ECF No. 7 at 4. He seeks compensation for the truck and its contents. ECF No. 3 at 4; ECF No. 7 at 4.

Bates also sues the unidentified DPD officer mentioned above and another unidentified officer for their allegedly illegal search of the interior compartments of his truck, an unidentified female officer who was "a witness to officer misconduct," and DPD as a whole. ECF No. 3 at 3.

**Legal Standards**

Bates's pleadings are subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must

2

plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

Bates sues local government actors for alleged constitutional violations. Such claims are analyzed under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must establish: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the violation. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

1. <u>DPD is a Nonjural Entity that is not Subject to Suit</u>.

Bates sues DPD, but DPD is a servient department that does not enjoy its own legal existence or capacity to sue or be sued under § 1983, so Bates's claims against it are meritless and should be dismissed. *See, e.g.*, *Gooden v. Todd*, 2020 WL 6586714, at *2 (N.D. Tex. Oct. 19, 2020) (Dallas Police Department lacks authority to sue or be sued); *see also Johnson v. Dallas Police Dep't*, 2004 WL 2964968, at *2 (N.D. Tex. Dec. 15, 2004), *rec. accepted* 2005 WL 119467 (N.D. Tex. Jan. 18, 2005) (same).

3

2. <u>Bates Fails to State a Fourth Amendment Claim</u>.

As for the allegations against the individual defendants, Bates claims that the initial stop of his truck was unreasonable, which led to his unlawful arrest. ECF No. 3 at 3-4; ECF No. 7 at 4. He also contends that officers illegally searched his truck. ECF No. 3 at 3.[2] But Bates fails to plausibly allege that the officers lacked reasonable suspicion to stop his vehicle, that the officers unlawfully searched his vehicle, or that there was not probable cause to arrest him.

 a. *Illegal Traffic Stop*

Routine traffic stops constitute a Fourth Amendment "seizure," akin to a *Terry* stop,[3] which courts analyze through a two-part inquiry: (1) "whether the officer's action was justified at its inception," and (2) "whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop." *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). The officer must have reasonable suspicion to justify the stop, as well as

---

[2] Bates does not specify whether he is suing the police officers in their individual or official capacities. A suit against the officers in their official capacities would be a suit against the City of Dallas, the entity for which they are agents. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Woolum v. City of Dallas*, 2019 WL 2604125, at *4 (N.D. Tex. May 24, 2019) (suits against Dallas police officers in their official capacities are suits against the City of Dallas). Regardless of the capacity in which he intends to sue the police officers, however, Bates's failure to plausibly allege an underlying constitutional violation forecloses relief. *See Albert v. City of Petal*, 819 F. App'x 200, 203 (5th Cir. 2020) (per curiam) (noting that because there was no constitutional violation, there can be no municipal liability under § 1983).

[3] *See Terry v. Ohio*, 392 U.S. 1, 16-20 (1968) (considering the permissible justifications and scope of brief investigatory detentions in public places).

4

reasonable suspicion to prolong the seizure beyond the time necessary to investigate the circumstances that caused the stop. *United States v. Pack*, 612 F.3d 341, 350 (5th Cir. 2010), *opinion modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010). A warrantless investigatory detention generally requires "a reasonable and articulable suspicion that the person seized is engaged in criminal activity." *Reid v. Georgia*, 448 U.S. 438, 440 (1980). "To meet the reasonable suspicion standard, an officer needs only 'a minimal level of objective justification.'" *Illinois v. Wardlow*, 528 U.S. 119, 123 (2003). When the purposes of the stop are resolved and the officer's initial suspicions have been verified or dispelled, the detention must end unless there is additional reasonable suspicion supported by articulable facts. *See United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003).

Bates does not provide any detail about why the officers stopped his truck other than the vague allegation that he was stopped "for stopping at a stop sign for a few seconds." ECF No. 3 at 4. He has not plausibly alleged that the officers lacked reasonable suspicion, so he has not plausibly alleged that the initial stop of his vehicle violated the Fourth Amendment.

    b. *False Arrest*

"[T]o state a § 1983 claim for false arrest/false imprisonment, [Bates] must plausibly allege that [the officer] 'did not have probable cause to arrest him.'" *Arnold v. Williams*, 979 F.3d 262, 269 (5th Cir. 2020) (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004)). "A warrantless arrest must be based on 'probable cause.' Probable cause exists when the totality of the facts and

5

circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000). "Because probable cause is an objective standard, an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense stated at the time of arrest or booking." *District of Columbia v. Wesby*, 538 U.S. 48, 54 n. 2 (2018).

Bates does not explain why he thinks his arrest was unlawful. He does not state the offense for which he was arrested, much less show that the officers lacked probable cause to arrest him for it.[4] As much as Bates claims that his arrest was unconstitutional because the vehicle stop preceding it was illegal, as explained above, Bates fails to plausibly allege that the initial stop of his truck violated the Fourth Amendment, so any false arrest claim relying on the stop's illegality is meritless.

---

[4] In November 2022, Bates was convicted of unlawful possession of a firearm by a felon, and he is serving a four-year sentence for that offense. The offense precipitating that conviction occurred on January 31, 2022, which is the date of the search and arrest that Bates is complaining about here. *See* https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=07427220 (last visited January 2, 2024); ECF No. 3 at 4. Thus, Bates is likely complaining about the stop and search of his vehicle that uncovered evidence leading to his unlawful possession conviction. And, if that is so, his Fourth Amendment claims—in addition to lacking substantive merit as explained—are also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which precludes § 1983 claims that necessarily imply the invalidity of a criminal conviction that has not been invalidated. *See*, *e.g.*, *Queen v. Purser*, 109 F. App'x 659, 660 (5th Cir. 2004) (per curiam) (finding that inmate's claim that officer "illegally stopped him, illegally seized contraband from his clothing, and falsely arrested him" was barred by *Heck* when the conviction had not been invalidated).

### c. *Illegal Search*

The warrantless search of an automobile is valid pursuant to the automobile exception to the warrant requirement if "(1) the officer conducting the search had probable cause to believe that the vehicle in question contained property that the government may properly seize; and (2) exigent circumstances justified the search." *United States v. Banuelos-Romero*, 597 F.3d 763, 767 (5th Cir. 2010) (internal quotation marks and alterations omitted). The doctrine allows for searches of "compartments and containers within the automobile so long as the search is supported by probable cause." *California v. Acevedo*, 500 U.S. 565, 570 (1991). If "probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 824 (1982).

Bates provides no facts from which the Court could plausibly determine that the search of his truck fell outside the automobile exception. His conclusory assertion that the search was illegal, without supporting facts, is not enough. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations cannot maintain a claim under § 1983). He therefore fails to state a Fourth Amendment claim based on the search of his truck.

7

3. <u>Bates Fails to State a Claim Based on the Loss of his Truck Following his Arrest.</u>

Bates alleges that his truck was lost or stolen following his arrest. He faults Officers Upchurch, Wellman, and an unidentified officer for not towing it, impounding it, or calling someone to pick it up. ECF No. 3 at 3-4; ECF No. 7 at 4.

To the extent Bates contends that these defendants were negligent in failing to secure the truck, he fails to state a claim under § 1983 because "[t]he negligent deprivation of life, liberty, or property is not a constitutional violation." *Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 649 (S.D. Tex. Sept. 7, 2000) (collecting cases); *see also Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 635 (5th Cir. 1999) (holding that negligence by state officials does not constitute a constitutional violation); *Gibbs v. Turner*, 2020 WL 2950769, at *6 (N.D. Tex. Apr. 9, 2020) ("Plaintiff's allegations of negligence are insufficient to impose liability under § 1983.") (citing *Brumfield v. Hollins*, 551 F.3d 322, 333 (5th Cir. 2008); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990)).

And to the extent he is alleging that Defendants *intentionally* deprived him of property by failing to properly secure it, he also fails to state a claim—but for different reasons. An unauthorized, intentional deprivation of property by a government employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Wagner v. Higgins*, 754 F.2d 186, 192 (6th Cir. 1985)

8

(action under 42 U.S.C. § 1983 against police officers who allegedly stole personal property from an arrestee's automobile fails to state a constitutional claim under §1983). "In an action for deprivation of property under color of law without due process the plaintiff must prove the absence of adequate state remedies as an element of the constitutional tort." *Krause v. Leonard*, 2009 WL 416284, at *6 (S.D. Tex. Feb. 18, 2009) (citing *Hudson*, 468 U.S. at 535). "'In Texas, as in many states, the tort of conversion fulfills this requirement.'" *Id.* (quoting *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994)).

In sum, because negligence does not violate the Constitution, and because Bates has an adequate remedy under state law if the deprivation was intentional, his § 1983 lost property claim is meritless and should be dismissed. *See id.* (finding that plaintiff who alleged that property was stolen while he was in the country jail failed to state a § 1983 claim against officers who allegedly failed to secure property).

   4. <u>Given his Failure to Plausibly Allege an Underlying Constitutional Violation, Bates Fails to State a Bystander Liability Claim</u>.

Bates claims that an unidentified officer is liable for being a "witness to officer misconduct." ECF No. 3 at 3. The Court liberally construes this as a § 1983 bystander liability claim. An officer may be liable under § 1983 under a theory of bystander liability where the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley*, 726 F.3d at 646 (cleaned up).

9

But here, Bates has not plausibly alleged an underlying constitutional violation, so there was no misconduct to prevent. *See Griffin v. City of Sugarland*, 787 F. App'x 244, 245 (5th Cir. 2019) (per curiam) ("[B]ecause there was no violation of his constitutional rights, [the plaintiff's] bystander liability theory also fails.") He therefore fails to state a bystander liability claim against the unidentified officer and such claim should be dismissed.

## Leave to Amend

Generally, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But leave to amend is not required if the plaintiff has already pleaded his "best case." *Id.*

Bates already filed an amended complaint in response to a deficiency order noting that his original complaint did not comply with Fed. R. Civ. P. 8(a) (ECF No. 5), so he has had two chances to set forth the factual basis of his claims. Further, the opportunity to file objections to this recommendation gives Bates another chance to present his best case, as Bates can tell the Court what material facts he would include in an amended complaint to overcome the deficiencies noted in this recommendation. *See, e.g., Patel v. Brighthouse Life Insurance Co.*, 2023 WL 357359, at *3 (N.D. Tex. Jan. 20, 2023) ("Plaintiff has had ample opportunity to present her factual allegations to the court in her three complaints which contain nearly identical claims against Defendants. Plaintiff has also had an opportunity to object to the Report and provide the court with additional factual

10

basis for her allegations . . . "). Unless he provides that information, however, further leave to amend is not necessary and would cause needless delay. *See*, *e.g.*, *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) ("A court should freely give leave to amend when justice so requires . . . but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave.") (citations omitted); *Shope v. Texas Dep't of Criminal Justice,* 283 F. App'x 225, 226 (5th Cir. 2008) (per curiam) ("Shope does not allege what facts he would include in an amended complaint. Therefore, Shope has not shown that the district court abused its discretion in dismissing his complaint.") (citing *Ashe v. Corley,* 992 F.2d 540, 542 (5th Cir. 1993)); *Goldsmith v. Hood Cnty. Jail,* 299 F. App'x 422, 423 (5th Cir. 2008) (per curiam) (affirming district court's dismissal of a pro se complaint when litigant failed to "explain what facts he would have added or how he could have overcome the deficiencies found by the district court if he had been granted an opportunity to amend").

## Recommendation

Unless Bates explains in objections to this recommendation how he would amend his allegations to overcome the deficiencies discussed above, his claims should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. And if

Bates's claims are dismissed with prejudice, the dismissal of this case will count as a "strike" for purposes of 28 U.S.C. § 1915(g).[5]

Dated January 2, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[5] The "three strikes" provision of the PLRA, 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more occasions, while confined as a prisoner, he filed civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2017).